*Monday, July 6, 1992*
## MOTION DOCKET

**86–1130.** State v. Zuern. *Hamilton County,* No. C–840803. On October 19, 1988, this court stayed the execution of sentence in this cause pending exhaustion of appellant's state post-conviction remedies. On May 6, 1992, this court overruled appellant's motion to certify the record in case No. 92–152, which case was pending as a post-conviction case. The appellant has now exhausted all proceedings for post-conviction relief before the courts of this state and, upon consideration thereof,

IT IS ORDERED by the court that the October 19, 1988 entry staying compliance with the mandate and the execution of sentence pending the exhaustion of all proceedings for post-conviction relief be, and the same is hereby, revoked.

IT IS FURTHER ORDERED by the court that the sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden, on Monday, the 5th day of October, 1992, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that the Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Hamilton County.

**89–722.** State v. Spirko. *Van Wert County,* No. 15–84–22. UPON CONSIDERATION of the motion filed by counsel for appellant to continue stay of execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Van Wert County Common Pleas Court,

IT IS ORDERED that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED that compliance with the mandate and the execution of sentence be, and the same are hereby, stayed pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

**92–974.** State ex rel. Henneke v. Davis. *Hamilton County,* No. C–840733. On written request of appellant, it is ordered, effective July 2, 1992, that the reproduction of the record be dispensed with, and that this case be heard on the original record, provided pertinent parts of such record that are going to be relied upon for argument be inserted as an additional appendix to brief of appellant.

**92–975.** State ex rel. Jones v. Hendon. *Hamilton County,* No. C–910729. On written request of appellants, it is ordered, effective July 2, 1992, that the reproduction of the record be dispensed with, and that this case be heard on the original record, provided pertinent parts of such record that are going to be relied upon for argument be inserted as an additional appendix to brief of appellants.

**92–1073.** State ex rel. Cater v. North Olmsted. *Cuyahoga County,* No. 60689. On written request of appellees/cross-appellants, it is ordered, effective July 1, 1992, that the reproduction of the record may be dispensed with and this case be heard on the original record, provided pertinent parts of such record that are going to be relied upon for argument be inserted as an additional appendix to brief of appellees/cross-appellants.

**92–1073.** State ex rel. Cater v. North Olmsted. *Cuyahoga County,* No. 60689. On written request of appellant/cross-appellee, it is ordered, effective July 2, 1992, that the reproduction of the record may be dispensed with and this case be heard on the original record, provided pertinent parts of such record that are going to be relied upon for argument be inserted as an additional appendix to brief of appellant/cross-appellee.